**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| Abigail Ratchford, | **Civil Action No.** |
| Plaintiff, | **Judge** |
| | **Magistrate Judge** |
| v. | |
| | **COMPLAINT AND JURY DEMAND** |
| 4745 Second Ave., Ltd. dba Big Earl's Goldmine, | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Abigail Ratchford ("Plaintiff"), by and through her undersigned attorneys, for her Complaint, respectfully alleges, based on personal knowledge as to facts relating to herself and upon investigation of counsel for all other allegations, against 4745 Second Ave., Ltd. ("Defendant"), doing business as Big Earl's Goldmine in Des Moines, Polk County, Iowa (the "Club"), as set forth below:

## I.  INTRODUCTION

1.  This case is about a strip club's unauthorized use of a professional model's image and likeness in the strip club's advertisements.

2.  Defendant ran advertisements for its strip club on social media.

3.  Defendant's advertisements featured images of Plaintiff.

4.  Defendant had no authorization, consent, permission, or legal authority to use, alter, or otherwise incorporate images of Plaintiff – who had no prior affiliation whatsoever with Defendant or the Club – into Defendant's advertisements for Defendant's strip club, but Defendant did so anyway, whether intentionally, recklessly, or negligently.

5. Plaintiff would not choose to advertise or promote Defendant's strip club at all as being affiliated with Defendant's strip club can harm, defame, and disparage Plaintiff's modeling services, reputation, and brand, and make it more difficult for Plaintiff to obtain future work of her choosing or to otherwise commercially use and market their own modeling services, brand, and image.

6. Even if Plaintiff had been willing to allow their image to be used by Defendant – which she was not – Plaintiff would have been rightfully entitled to payment for Defendant's commercial use of her image.

7. Defendant has not paid Plaintiff anything despite using Plaintiff's image in Defendant's advertisements.

8. Defendant's wrongful conduct, as further described below, gives rise to Plaintiff's claims against Defendant under the federal Lanham Act, 15 U.S.C. § 1125(a), under Iowa common law, and under principles of equity, entitling Plaintiff to an award of damages, equitable remedies, injunctive relief, costs, attorney's fees, and all such other relief as is just and proper as requested herein.

## II.       PARTIES

### A.       Plaintiff

9. Plaintiff Abigail Ratchford is a well-known professional model and is a resident of California.

### B.       The Club and Defendant

10. Big Earl's Goldmine describes itself as "the only full nude Gentlemen's club in Iowa that has private individual VIP rooms," refers to itself as a "striptease," and is located at 4745 NW 2nd St. Des Moines, Polk County, Iowa 50313 (the "Club").

11. The Club is a type of entity commonly referred to as a "strip club."

12. Defendant 4745 Second Ave., Ltd. ("Defendant") is an Iowa domestic profit corporation listed as active with the Iowa Secretary of State, Business No. 219396.

13. Defendant registered and filed the assumed/fictious name "Big Earl's Goldmine" with the Iowa Secretary of State.

14. On information and belief, Defendant owns, operates, and manages the Club.

15. As the owner, operator, and manager of the Club, Defendant is ultimately responsible for the production and posting of advertisements for the Club by Defendant's officers, managers, employees, agents, or independent contractors.

### III.    JURISDICTION AND VENUE

16. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

17. Venue is proper in this under 28 U.S.C. § 1391 because Defendant is located in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and division.

### IV.    FACTUAL ALLEGATIONS

**A.    A Model's Reputation Impacts the Commercial Value of Their Images, Likenesses, Trade Dress, and Advertising Ideas**

18. Plaintiff is, and at all times mentioned herein was, a well-known professional model who earns compensation by, among other things, commercializing her identity, image, likeness, trade dress, and advertising ideas for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

19. As a professional model, Plaintiff's business includes trading on her inherently distinctive look and physical attractiveness to bring attention to the products, brands, and services that Plaintiff chooses to affiliate with.

20. Furthermore, a model's reputation directly impacts the commercial value associated with the use of their image, likeness, identity, trade dress, or advertising ideas to promote a product or service.

21. As such, a model has the right to control the commercial exploitation of their name, image, likeness, identity, trade dress, and advertising ideas.

22. Plaintiff expended substantial effort, resources, and time in building and protecting her reputation in the modeling industry.

23. Plaintiff carefully considers and vets the reputation, brand, and type of goods or services advertised by any potential client prior to authorizing the use of her image or likeness by that client.

24. Plaintiff's career in modeling has substantial value derived from the goodwill and reputation she has built.

25. Plaintiff commands substantial sums of money for the licensed commercial use of her image and likeness.

26. Unauthorized use of Plaintiff's image or likeness can diminish, defame, and disparage the goodwill and reputation Plaintiff has built and the amount of compensation Plaintiff can command for the licensed or authorized use of her image, likeness, identity, trade dress, and advertising ideas.

27. As such, Plaintiff must vigorously defend against unauthorized use of her image, likeness, identity, trade dress, and advertising ideas by third parties like Defendant that choose to

steal Plaintiff's images for use in Defendant's own advertisements without payment or consent, fraudulently representing to the public that Plaintiff endorses, approves, or agreed to advertise Defendant's Club, including the fully or partially nude live entertainment activities believed to take place at Defendant's Club, thereby devaluing, disparaging, defaming, and causing confusion with respect to Plaintiff, Plaintiff's brand, and Plaintiff's modeling work product.

**B.      Defendant Used Plaintiff's Image, Likenesses, Trade Dress, and Advertising Ideas to Promote Defendant's Business Interests**

28. As the owner of a strip club, Defendant's business includes trading on the physical attractiveness of women to entice customers into its Club.

29. Defendant uses social media accounts featuring images of physically attractive women to promote, advertise, and market the Club, solicit customers for the Club, and publish endorsements of the Club.

30. Defendant is ultimately responsible for the advertising content posted by or on behalf of Defendant through Defendant's officers, managers, employees, agents, or independent contractors on various web and social media accounts, including on the Club's web page and on the Club's Facebook, Instagram, Twitter, and Snap Chat accounts.

31. Defendant's advertisements for the Club ran on at least the Facebook account https://www.facebook.com/BigEarlsGoldmine, the Twitter account https://twitter.com/BEGoldmine, and the Instagram account https://www.instagram.com/realbigearlsgoldmine/ (the Club's "Social Media Accounts").

32. Defendant provided links to the Club's Facebook, Instagram, and Twitter Social Media Accounts on the Club's webpage https://www.bigearlsgoldmine.live.

33. Defendant has, and at all times mentioned herein had, authority to control their own use of their webpage and Social Media Accounts to promote the Club.

34. Defendant used Plaintiff's photograph, image, likenesses, distinctive appearance, and trade dress, as well as Plaintiff's advertising ideas, in advertising materials published by or for Defendant on the Club's Social Media Accounts to market, promote, and advertise the Club, all without consent, authorization, or legal right.

35. By using Plaintiff's image in Defendant's advertisements for the Club on the Social Media Accounts, Defendant falsely and fraudulently represented to the public that Plaintiff endorses, is affiliated with, is associated with, would perform at, or agreed to advertise the Club, when, in fact, Plaintiffs had and has no connection with the Club whatsoever.

36. Defendant used Plaintiff's image to bring attention from consumers to the Club and derive benefit from the some of the same qualities of Plaintiff, including her physical look and distinctive appearance, that Plaintiff trades on to earn income for herself, thus competing with Plaintiff over the very same consumer attention that contributes to the economic value of Plaintiff's image, likenesses, identity, trade dress, and advertising ideas in the first place.

37. Defendant's misappropriations of Plaintiff's image, likeness, identity, trade dress, and advertising ideas, falsely and fraudulently associating her with the Club, include ***at least*** the following advertisement, identified by date posted, social media account posted on, and uniform resource locator (URL) at which the advertisement could be found, as follows:

    1) 12/1/2016, Instagram, https://www.instagram.com/p/BNd5vl7AQVr/

38. On information and belief, the advertisement listed above was posted by, at the direction of, or on behalf of Defendant.

39. As of the date of filing this complaint, the advertisement listed above is still publicly posted on Defendant's Social Media Accounts for the benefit of Defendant and is a continuing violation of Plaintiff's rights resulting in continuing harm and damage to Plaintiff.

40. Plaintiff did not discover Defendant's unauthorized, false, and fraudulent uses of and trespasses upon Plaintiff's imagery until shortly before the filing of this Complaint, when a review of Defendant's publicly accessible Social Media Accounts led to the discovery of the unauthorized use of Plaintiff's imagery listed above.

41. In the advertisement including the image and likeness of Plaintiff listed above, Plaintiff is readily identifiable in that persons seeing the advertisement with the naked eye can reasonably determine that the persons depicted in the advertisement is Plaintiff.

42. By placing Plaintiff's image, likeness, and trade dress on the Club's Social Media Accounts, Defendant conveys and reasonably suggests, falsely and fraudulently, that Plaintiff endorses the Club, is affiliated with the Club, is associated with the Club, participated in the Club, may appear at the Club, sponsors the Club, agreed to advertise the Club, and/or approves of the full or partially nude live entertainment activities believed to be taking place at the Club.

43. Defendant has falsely represented to the public generally, as well as to advertising clients that had previously engaged or may in the future engage Plaintiff as paid talent for modeling or other related endeavors, that Plaintiff endorses the Club, is affiliated with the Club, is associated with the Club, participated in the Club, may appear at the Club, sponsors the Club, agreed to advertise the Club, and/or approves of the full or partially nude live entertainment activities believed to be taking place at the Club when in fact Plaintiff does and did not.

44. Defendant's use of Plaintiff's image, likeness, identity, trade dress, and advertising ideas was for a commercial purpose and for Defendant's commercial benefit.

45. Defendant used the advertisement containing Plaintiff's image to drive traffic to the Club and increase Defendant's revenue.

46. Defendant had and has no right, consent, authority, license, or authorization to use Plaintiff's image, likeness, identity, trade dress, or advertising ideas in Defendant's commercial advertisements.

47. Defendant knew or should have known that they had no right to use Plaintiff's image, likeness, identity, trade dress, or advertising ideas in commercial advertisements making Defendant's unauthorized use of same knowing, willful, and intentional.

48. In the alternative, Defendant failed to exercise reasonable care, including reasonable care in the supervision of its managers, employees, or contractors, and reasonable care in the promulgation of policies and procedures, with respect to use of images in advertisements for the Club of only those persons for whom Defendant had valid consent, license, or authority making Defendant's unauthorized use of Plaintiff's image, likeness, identity, trade dress, or advertising ideas reckless or negligent.

**C.     Defendant's Unauthorized Use of Plaintiff's Image and Likeness Harmed and Damaged Plaintiff**

49. In prior instances of authorized commercial marketing and use of Plaintiff's image, likeness, identity, trade dress, or advertising ideas by third parties, Plaintiff negotiated and expressly granted authority for such use pursuant to various terms and conditions and for agreed upon compensation.

50. Defendant never hired or contracted with Plaintiff to advertise, promote, market, endorse, or participate in the Club.

51. Defendant never sought Plaintiff's permission to use Plaintiff's image, likeness, identity, trade dress, or advertising ideas to advertise and promote the Club, or for any other purpose.

52. Plaintiff never gave Defendant permission to use Plaintiff's image or likeness, nor did Plaintiff otherwise authorize, license, assign, or grant Defendant any right to use Plaintiff's image, likeness, identity, trade dress, or advertising ideas for commercial purposes.

53. Defendant never compensated Plaintiff for any use of her image, likeness, identity, trade dress, or advertising ideas.

54. Defendant's unauthorized use of Plaintiff's image, likeness, identity, trade dress, or advertising ideas was and is misleading, confusing, and fraudulent.

55. Defendant misappropriated Plaintiff's image, likeness, identity, trade dress, or advertising ideas in total disregard of Plaintiff's rights.

56. As a direct and proximate result of Defendant's exploitation of Plaintiff's image, likeness, identity, trade dress, or advertising ideas, Defendant made profits or gross revenues in an amount to be established at trial.

57. Plaintiff has been damaged as a direct and proximate result of Defendant's unauthorized use of Plaintiff's image, likeness, identity, trade dress, or advertising ideas for commercial purposes, as Plaintiff has been deprived of the fair market value compensation she could have otherwise received for the commercial use of same if she had been willing to license same for use by the Club – which she was not – resulting in damages, the total amount of which will be established by proof at trial.

58. Plaintiff has further been damaged as a direct and proximate result of Defendant's unauthorized use as such use causes Plaintiff to lose her exclusive right to control the commercial exploitation of her own image, likeness, identity, trade dress, or advertising ideas, resulting in damages, the total amount of which will be established by proof at trial.

59. Plaintiff has further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use is detrimental to the value Plaintiff could otherwise obtain in commercializing her image, likeness, identity, trade dress, or advertising ideas, resulting in damages, the total amount of which will be established by proof at trial.

## V. CLAIMS FOR RELIEF

### COUNT I
### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* subsections (a)(1)(A) and (a)(1)(B)

60. Plaintiff re-states and re-alleges paragraphs 1 through 59 above and incorporates the same by reference as though fully set forth herein.

61. The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

62. Defendant is liable to Plaintiff for violations of subsections 1125(a)(1)(A) (the "false association" or "false endorsement" subsection) and 1125(a)(1)(B) (the "false advertising" subsection) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

63. Plaintiff, through her career in modeling, attractiveness, and individually distinctive physical look, has attained a degree of fame, celebrity, and public prominence.

64. Plaintiff enjoys a substantial social media following and has appeared in numerous authorized advertising campaigns and publications, and shows, with 9.1 million followers on Instagram alone.

65. Plaintiff earns compensation by commercializing her identity for use by reputable brands and services through arms-length negotiated transactions.

66. Plaintiff possesses a valid and protectable interest in her persona, image, likeness, identity, and trade dress that is eligible for protection under 15 U.S.C. § 1125(a)(1).

67. Plaintiff has possessed, maintained, and safeguarded her exclusive right to control the use of her persona, image, likeness, identity, and trade dress.

68. Prior to authorizing the use of her image, likeness, identity, or trade dress, Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

69. Plaintiff did not authorize Defendant's use of Plaintiff's image, likeness, identity, or trade dress nor did Plaintiff grant anyone else authority to authorize Defendant's use of Plaintiff's image, likeness, identity, or trade dress.

70. Defendant is responsible for the placement of Plaintiff's image, likeness, identity, or trade dress on or in an advertisement promoting the Club on the Club's Social Media Accounts without consent, license, authorization, or legal right.

71. Defendant's unauthorized use of Plaintiff's image, likeness, identity, or trade dress is ongoing and continuing as of the date of this Complaint.

72. In Defendant's advertisement that contains Plaintiffs' image, likeness, identity, or trade dress, Plaintiff is depicted and readily identifiable.

73. Defendant misappropriated Plaintiff's image, likeness, identity, or trade dress in Defendant's advertisement for the Club to create the false impression that Plaintiff is somehow affiliated with, associated with, has endorsed, promoted, agreed to advertise, would be appearing at, or otherwise participated in the Club or the live partially or fully nude live entertainment activities believed to take place at the Club.

74. Defendant never sought Plaintiff's consent to use Plaintiff's image, likeness, identity, or trade dress.

75. Plaintiff has never been employed by, performed at, danced at, or affiliated herself in any way with the Club or Defendant.

76. Plaintiff would not agree to allow her image, likeness, identity, or trade dress to be used to promote the Club and would not and does not endorse the Club or the Club's live full or partially nude entertainment activities.

77. Defendant placed its advertisement containing the misappropriated image, likeness, identity, or trade dress of Plaintiff on the very same social media marketing channel – Instagram – used in interstate commerce by Plaintiff to promote both herself and the third-party brands, products, and services Plaintiff chooses to promote.

78. Defendant's misappropriation of Plaintiff's image, likeness, identity, or trade dress is likely to cause confusion as to Plaintiff's association with, affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club or the Club's live full or partially nude entertainment activities.

79. On information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiff's affiliation with, endorsement of, agreement to advertise or

promote, and/or participation in the Club or the Club's live full or partially nude entertainment activities.

80. Defendant knew or should have known that they had no right to use Plaintiff's image, likeness, identity, or trade dress to promote or advertise the Club.

81. Defendant knew or should have known that obtaining the right to use Plaintiff's image, likeness, identity, or trade dress would have required consent and substantial compensation.

82. Defendant's unauthorized use of Plaintiff's image, likeness, identity, or trade dress without seeking their consent under these circumstances constitutes willful and deliberate conduct.

83. In the alternative, Defendant recklessly or negligently failed to exercise reasonable care by failing to ensure that Defendant only used content in its advertisements that Defendant had the legal right to use and by further failing to promulgate sufficient policies and procedures regarding use of only images, likenesses, identities, or trade dresses in advertisements for which Defendant had legal right.

84. As a direct and proximate result of Defendant's actions as described herein, Defendant created the false impression that Plaintiff was associated with, affiliated with, performed at, endorsed, or otherwise promoted the Club or the Club's live full or partially nude entertainment activities.

85. As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits subject to disgorgement to Plaintiff as damages.

86. As direct and proximate result of Defendant's actions as described herein, Plaintiff suffered actual damages including but not limited to being deprived of the fair market value compensation Plaintiff would have otherwise received for the authorized use of her image,

likeness, identity, or trade dress and harm to Plaintiff's goodwill and reputation, which has been disparaged and defamed by Defendant's conduct, all in an amount to be established at trial.

87. Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's Lanham Act claim and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

**COUNT II**
**<u>Violation of Plaintiffs' Common Law of Right of Publicity</u>**

88. Plaintiff re-states and re-alleges paragraphs 1 through 59 above and incorporate the same by reference as though fully set forth herein.

89. Plaintiff's image, likeness, and distinctive modelling look as her trade dress are elements of Plaintiff's identity.

90. Plaintiff's image and likeness, as well as Plaintiff's trade dress and advertising ideas, have significant commercial value.

91. As demonstrated above, Defendant published, posted, displayed, and/or otherwise publicly used Plaintiff's image, likeness, identity, and trade dress on Defendant's Social Media Accounts without consent for the purposes of trade and commercial advertising, including, but not limited to, promoting, advertising, marketing, and implying endorsement of Defendant's Club, and their events and activities.

92. Accordingly, Defendant appropriated for its own use and benefit the reputation, prestige, commercial standing, public interest, distinctive look, and other values of Plaintiff and of her image, likeness, and identity without consent.

93. Plaintiff's face and body is clearly visible and readily identifiable and distinguishable in the Defendant's advertisement.

94. Plaintiff never consented to, authorized, licensed, or otherwise permitted Defendant's use of her image, likeness, or identity for any purpose. Rather, Defendant misappropriated Plaintiff's image without Plaintiff's knowledge and without even attempting to acquire Plaintiff's permission.

95. Defendant did not use Plaintiff's image, likeness, and identity in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

96. Defendant did not use Plaintiff's image, likeness, and identity primarily for the purpose of communicating information or expressing ideas, but rather used Plaintiff's image, likeness, and identity primarily for the purpose of commercially advertising Defendant's Club.

97. Defendant acted intentionally in using Plaintiff's image, likeness, and identity and, knowing they did not have permission to use the image, posted the image to Defendant's Social Media Accounts to market Defendant's Club and its activities and events without the authorization of Plaintiff, appropriating for Defendant's own benefit the image, likeness, identity, physical attractiveness, distinct look, brand, advertising ideas, and trade dress of Plaintiff.

98. In the alternative, Defendant acted with reckless disregard to Plaintiff's legal rights by expressly permitting, allowing, or condoning the use of Plaintiff's image on its social media account for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

99. In the alternative, Defendant acted negligently in permitting, allowing, or condoning the use of Plaintiff's image on its social media accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

100.	Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues,

and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit.

101. Nonetheless, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiff, the cost of photoshoots, payments to Plaintiff's agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

102. Defendant's unauthorized use, alteration, and appropriation of Plaintiff's image and likeness has and will continue to directly and proximately cause irreparable harm and damage to Plaintiff, her reputation, and her brands by attributing to Plaintiff an association with, involvement with, or endorsement of Defendant's Club and the Club's live fully or partially nude adult entertainment related activities.

103. As a direct and proximate result of Defendant's misappropriation of Plaintiff's image, likeness, identity, or trade dress, Defendant has damaged Plaintiff by failing to compensate her for the value of use of her likenesses and by causing harm to Plaintiff's goodwill and reputation, which has been disparaged and defamed by Defendant's conduct.

104. As a direct and proximate result of Defendant's misappropriation of Plaintiff's image, likeness, identity, trade dress, or advertising ideas, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiff's image, entitling Plaintiff to a disgorgement of those ill-gotten gains.

105. Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's common law right of publicity claim and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

## COUNT III
### Violation of Plaintiffs' Common Law of Right of Privacy – Appropriation

106. Plaintiff re-states and re-alleges paragraphs 1 through 59 above and incorporate the same by reference as though fully set forth herein.

107. Plaintiff's image, likeness, and distinctive modelling look as her trade dress are elements of Plaintiff's identity.

108. Plaintiff's image and likeness, as well as Plaintiff's trade dress and Plaintiff's advertising ideas, have significant commercial value.

109. As demonstrated above, Defendant published, posted, displayed, and/or otherwise publicly used and appropriated Plaintiff's image, likeness, identity, trade dress, and advertising ideas on its social media without consent for the purposes of trade and commercial advertising, including, but not limited to, promoting, advertising, marketing, and implying endorsement of Defendant's Club, and their events and activities.

110. Accordingly, Defendant appropriated for its own use and benefit the reputation, prestige, commercial standing, public interest, distinctive look, trade dress, advertising ideas, and other values of Plaintiff.

111. Plaintiff's face and body are clearly visible and readily identifiable and distinguishable in the Defendant's advertisement.

112. Plaintiff never consented to, authorized, licensed, or otherwise permitted Defendant's use of her likeness, or any other qualities, for any purpose. Rather, Defendant misappropriated Plaintiff's likeness without Plaintiff's knowledge and without even attempting to acquire Plaintiff's permission.

113. Defendant did not use Plaintiff's likeness in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

114.     Defendant did not use Plaintiff's likeness primarily for the purpose of communicating information or expressing ideas, but rather used Plaintiff's image and likeness primarily for the purpose of commercially advertising Defendant's Club.

115.     Defendant acted intentionally in using Plaintiff's likeness and, knowing they did not have permission to use same, posted pictures of Plaintiff to Defendant's Social Media Accounts to market Defendant's Club and its activities and events without the authorization of Plaintiff, appropriating for Defendant's own benefit the identity, physical attractiveness, distinct look, brand, trade dress, and advertising ideas of Plaintiff.

116.     In the alternative, Defendant acted with reckless disregard to Plaintiff's legal rights by expressly permitting, allowing, or condoning the use of Plaintiff's image on its social media accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

117.     In the alternative, Defendant acted negligently in permitting, allowing, or condoning the use of Plaintiff's image on its social media accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

118.     Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit.

119.     Nonetheless, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiff, the cost of photoshoots, payments to Plaintiff's agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

120.     Defendant's unauthorized use, alteration, and appropriation of Plaintiff's image and likeness has and will continue to directly and proximately cause irreparable harm and damage to Plaintiff, her reputation, and her brand by attributing to Plaintiff an association with, involvement with, or endorsement of Defendant's Club and the Club's live fully or partially nude adult entertainment related activities.

121.     As a direct and proximate result of Defendant's misappropriation of Plaintiff's image and likeness, Defendant has damaged Plaintiff by failing to compensate her for the value of use of her likeness.

122.     As a direct and proximate result of Defendant's misappropriation of Plaintiff's image and likeness, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiff's image, entitling Plaintiff to a disgorgement of those ill-gotten gains.

123.     Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's common law right of privacy appropriation claim and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

### COUNT IV
### Violation of Plaintiffs' Common Law of Right of Privacy – False Light

124.     Plaintiff re-states and re-alleges paragraphs 1 through 59 above and incorporate the same by reference as though fully set forth herein.

125.     By placing pictures of Plaintiff in which Plaintiff's face and body are identifiable on Defendant's public social media accounts in a commercial advertisement for Defendant's adult entertainment or "strip" club, at which live fully or partially nude entertainment activities take place, and thereby stating, inferring, or implying that Plaintiff would be performing at or

allowed use of her image by Defendant's Club, Defendant placed Plaintiff in a false light that would be highly offensive to a reasonable person, as Plaintiff does not perform at or choose to affiliate herself with Defendant's live fully nude or partially nude entertainment venue, and Defendant acted with knowledge or in reckless disregard as to the falsity of Plaintiff's association with live fully or partially nude entertainment activities at Defendant's Club.

126.    As a direct and proximate result of Defendant's placement of Plaintiff in a false light, Defendant has injured, disparaged, defamed, and damaged Plaintiff's goodwill and reputation, entitling Plaintiff to an award of damages.

127.    Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's common law right of privacy false light claim and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

**COUNT V**
**Conversion**

128.    Plaintiff re-states and re-alleges paragraphs 1 through 59 above and incorporates the same by reference as though fully set forth herein.

129.    Plaintiff has a possessory interest in her own personal image, likeness, brand, trade dress, and advertising ideas.

130.    Defendant exercised wrongful dominion over Plaintiff's image, likeness, brand, trade dress, and advertising ideas by taking, altering, and posting same on Defendant's Social Media Accounts without payment, permission, consent, or license from Plaintiff contrary to Plaintiff's possessory rights to her own property.

131.    As a direct and proximate result of Defendant's actions as described herein, Plaintiff suffered actual damages including but not limited to being deprived of control over her

own image, likeness, identity, trade dress, and advertising ideas, and incurred further damages in recovering her property through this action, all in an amount to be established at trial.

132.     Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's conversion claims and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

**COUNT VI**
**<u>Unfair Competition</u>**

133.     Plaintiff re-states and re-alleges paragraphs 1 through 61 above and incorporates the same by reference as though fully set forth herein.

134.     By using Plaintiff's image, likeness, advertising ideas, and trade dress in Defendant's commercial advertisement published on social media, Defendant palmed off, directly or indirectly, Plaintiff's modelling goods, image, likeness, trade dress, and advertising ideas as Defendant's own, directly or implicitly representing to the public that Plaintiff was Defendant's own entertainer or sponsor, and Defendant further palmed off the goodwill and consumer attention generating qualities of Plaintiff as Defendant's own, all without permission, compensation, consent, or license.

135.     By misrepresenting Plaintiff as Defendant's entertainer or sponsor, Defendant acted with an intent to deceive or confuse consumers about the nature of Defendant's club and the nature of Plaintiff.

136.     Defendant's advertising conduct creates a likelihood or probability of consumer confusion with respect to the affiliation between Plaintiff and Defendant's club and the nature of advertising that Plaintiff allows.

137.     Plaintiff competes with Defendant for limited consumer attention focused on advertisements featuring physically attractive women.

138.     Defendant's conduct as described herein constitutes unfair common law palming off or unfair competition.

139.     As a direct and proximate result of Defendant's unfair competition, Defendant has damaged Plaintiff by failing to compensate her for the value of use of her image, likeness, advertising ideas, and trade dress and by causing harm to Plaintiff's goodwill and reputation, which has been disparaged and defamed by Defendant's conduct.

140.     As a direct and proximate result of Defendant's unfair competition, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiff's image, entitling Plaintiff to a disgorgement of those ill-gotten gains.

141.     Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's unfair competition claims and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

## COUNT VII
### Negligence

142.     Plaintiff re-states and re-alleges paragraphs 1 through 59 above and incorporates the same by reference as though fully set forth herein.

143.     Upon information and belief, Defendant was negligent in its failure to supervise its managers, employees, or contractors, and further negligent in its failure promulgate policies and procedures, with respect to the use of only such images, likenesses, advertising ideas, and trade dress in advertising on Defendant's Social Media Accounts for which Defendant had legal right and authority.

144.     Defendant's negligent failure to supervise or promulgate policies and procedures was the proximate cause of the harm and damages Plaintiff suffered when Defendant used and published Plaintiffs' image in Defendant's advertisement, defaming and disparaging Plaintiff and her reputation and brand, without permission or payment.

145.     In the alternative, and upon information and belief, even if Defendant promulgated policies and procedures concerning use of only such images in advertising on Defendant's Social Media Accounts for which Defendant had legal right and authority, Defendant nevertheless negligently failed to enforce those policies and procedures, failed to sufficiently communicate them to managers, employees, or contractors, and failed to exercise reasonable supervision of managers, employees, or contractors.

146.     In addition, Defendant had a duty to exercise reasonable care in refraining from appropriating the images and likenesses of individuals from whom Defendant lacked permissions, consent, or license, and breached that duty by its negligent hiring, screening, retaining, supervising, and/or training of its managers, employees, and contractors involved in Defendant's advertising activities.

147.     As a direct and proximate result of Defendant's negligence as alleged herein, Plaintiff has suffered damages and demands judgment against Defendant on Plaintiff's negligence claim and entry of an order awarding Plaintiff damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

## COUNT VIII
## Unjust Enrichment

148.     Plaintiff re-states and re-alleges paragraphs 1 through 59 above and incorporates the same by reference as though fully set forth herein.

149. As previously alleged, Defendant used Plaintiff's image, likeness, trade dress, and advertising ideas to advertise and promote Defendant's Club and its activities, thereby driving customers, business, and revenue to Defendant.

150. Accordingly, Plaintiff conferred a benefit on Defendant.

151. Defendant knew or should have known that they benefited from the use of Plaintiff's image as is evident from the fact that Defendant published Plaintiff's images to promote and advertise Defendant's Club and its activities.

152. Although Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for commercial benefit, Defendant retained the benefits of using Plaintiff's image and likeness without compensating Plaintiff.

153. Moreover, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiff, the cost of photoshoots, payments to Plaintiff's agents or agencies, and the costs of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

154. Defendant's unauthorized use and alteration of Plaintiff's image and likeness has and will continue to directly and proximately cause harm and damage to Plaintiff, her reputation, and her brand by attributing to Plaintiff her association with, involvement with, or endorsement of the Club.

155. As a direct and proximate result of Defendant's actions, Defendant has damaged Plaintiff by failing to compensate her for the value of the misappropriated use of her likeness and associating them with Defendant's Club without Plaintiff's consent.

156.     As a direct and proximate result of the benefit Plaintiff conferred on Defendant, Defendant has earned and continues to earn and withhold profits attributable directly or indirectly to the unlawful use of Plaintiff's image, entitling Plaintiff to a disgorgement of those ill-gotten gains as remuneration.

157.     Based on the foregoing, Plaintiff demands judgment against Defendant on Plaintiff's unjust enrichment equitable claim and entry of an order awarding Plaintiff damages, injunctive relief, equitable relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

## VI.     DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant on each of the claims listed above as follows:

1. For actual, consequential, and incidental damages in an amount to be proven at trial;

2. For the amount due, owing, and unpaid to Plaintiff as representing the fair market value compensation Plaintiff would have otherwise received for use of Plaintiff's image and likeness;

3. For trebling of damages or statutory damages as permitted by law;

4. For prejudgment interest in an amount permitted by law;

5. For disgorgement of Defendant's profits;

6. For a permanent injunction barring Defendant's use of Plaintiff's image or likeness in advertisements or other promotional material for the Club, including but not limited to an order requiring Defendant to direct removal of all uses of Plaintiff's image and likeness from Defendant's Club's Social Media Accounts;

7. For costs of this lawsuit;

8.      For reasonable attorneys' fees; and

9.      For all such other and further relief as to this Court seem just, proper and equitable.

### VII.   JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable in the above matter.

Dated: May 3, 2022                 Respectfully submitted,

                                   /s/*Beatriz Mate-Kodjo*
                                   Beatriz Mate-Kodjo AT 0012331
                                   BMK Law Firm, PLLC
                                   1910 Washington St. Ste. 100
                                   Pella, Iowa 50219
                                   Telephone: (641) 450-1668
                                   Facsimile: (641) 847-7698
                                   Email: beatriz@mate-kodjo-law.com
                                   *Attorney for Plaintiffs and LR(d)(4) Qualified*
                                   *Associate Counsel for attorney seeking admission*
                                   *pro hac vice*

                                   Edmund S. Aronowitz
                                   MI Bar No. P81474, *application for pro hac vice*
                                   *admission to be filed*
                                   Aronowitz Law Firm PLLC
                                   220 S. Main St. Ste. 305
                                   Royal Oak, Michigan 48067
                                   Telephone: (248) 716-5421
                                   Facsimile: (248) 419-1032
                                   Email: edmund@aronowitzlawfirm.com
                                   *Attorney for Plaintiffs and Lead Counsel pending*
                                   *pro hac vice admission*